**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLENE RAMER,

    Plaintiff,

v.                                              CASE NO. 3:08-cv-484-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**O R D E R**

This case is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. #21, Petition). Plaintiff's Petition was filed October 1, 2009 (Doc #21). Plaintiff requests an award of $2,636.51 in attorney fees sought by Plaintiff's counsel payable out of the judgment fund (Doc. #21 at 2). Plaintiff avers that "[p]ursuant to Local Rule 3.01(g) [D]efendant's counsel was contacted and has no objection to the amount sought by Plaintiff's counsel" as set forth in the Petition (Doc. #21 at 2). No opposition has otherwise been filed.

Based upon the petition and information contained within the record, the Court makes the following legal and factual findings:

    1.    Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less

than $2,000,000.00 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(D); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(D)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such an increase is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(D)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $142.90 per hour for services provided from 2007 to 2009. The Court has determined that a hourly rate of $142.90 per hour is reasonable when factoring in the Consumer Price Index

as a guide for an attorney in Jacksonville, Florida, to be compensated under the EAJA.[1]

3. The Court thus finds $2,636.51 ($142.90 x 18.45 hours) is a reasonable fee in this case.

4. Under Eleventh Circuit Court of Appeals case law, the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of its litigation expenses. *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988). In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA. See *also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) (holding that the EAJA means what is says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney). Considering current Eleventh Circuit case law, Plaintiff's request that the payment of fees be made directly to Plaintiff's counsel is denied (*see* Doc. #21 at 2).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Uncontested Petition for Attorney Fees (Doc. #21) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,636.51 for attorney fees.

3. The request that the Court direct the payment of the fees be made to Jessica C. Dumas, Esquire is **DENIED**.

---

[1]The Court arrived at its conclusions by visiting the following website: http://data.bls.gov/cgi-bin/cpicalc.pl (last visited Oct. 22, 2009).

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of October, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge