**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLENE RAMER,

      Plaintiff,

vs.                             CASE NO. 3:08-cv-484-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

**O R D E R**

This case came before the Court on June 15, 2011, for a telephonic hearing[1] on

Plaintiff's Amended Contested Petition for Award of Attorney Fees Pursuant to 42 U.S.C.

§ 406(b) (Doc. #33, Amended Petition) and the Commissioner's Amended Opposition to

Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #34, Opposition).

Also on June 15, 2011, just prior to the hearing, Plaintiff's counsel filed Plaintiff's Amended

Uncontested Petition for  Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc.

#40, Amended Uncontested Petition).  As stated at the start of the hearing, the parties

have now reached an agreement concerning the sought award of attorney fees under 42

U.S.C. § 406.

The requested $10,000 in attorney fees pursuant to 42 U.S.C. § 406(a), which had

been granted by the ALJ to Plaintiff's counsel for her representation of Plaintiff before the

_____

[1]The non-transcribed recording of the hearing is hereby incorporated by reference.   The
parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing
is desired.

Social Security Administration,  but not yet paid, was initially at contest in this matter when juxtaposed against the section 406(b) fees, for which counsel seeks authorization from this Court.  In filing the petition for attorney fees under 42 U.S.C. § 406(b) for representation of Plaintiff in federal court, counsel sought $11,531.25 for eighteen and forty-five one hundredths (18.45) hours of work, but stated she clearly understood the combined fee awards under 406(a) and 406(b) could not exceed the $15,001.25 held in escrow as twenty-five percent (25%) of Plaintiff's back benefits award (*see generally*, Doc. #33). Defendant's counsel objected to this Court awarding Plaintiff's counsel any fees greater than $5,001.25, presumably out of concern  the total amount awarded in attorney fees in this case might exceed the twenty-five percent cap.

Here, the parties now have agreed that Plaintiff's legal counsel, Ms. Jessica Dumas, Esq., withdraw her petition for attorney fees under section 406(a) and seek only an award under a contingency fee contract for twenty-five percent (25%) of the past due benefits for her representation of Plaintiff in federal court.  Thus, in this instance, Plaintiff's counsel now requests that the Court award her $15,001.25 in attorney's fees pursuant to 42 U.S.C. § 406(b).  The sought amount is precisely twenty-five percent (25%) of the due benefits award.

### *Analysis*

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefits awarded.  Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of

2

such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808. An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits).

The *Gisbrecht* Court said downward adjustments can be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls. *Id.* at 808. Here, Plaintiff's counsel has stated she spent eighteen and forty-five one hundredths (18.45) hours representing Plaintiff in the federal court action (*see* Doc. #40 at 2) and approximately nineteen (19) hours in the administrative proceedings (*see* Doc. #40 at 2). The petition for 406(a) fees was withdrawn by counsel on June 14, 2011 (*see* Doc. #40-3 at 2).

Having reviewed the record, the Court finds the requested fee to be somewhat large in relation to the amount of time spent on the case at the federal level, but not beyond what is reasonable. *See Goulet v. Astrue*, No. 3:06-cv-975-J-TEM, 2010 WL 2731666 (M.D. Fla. Jul. 9, 2010) (finding $9,500 a reasonable 406(b) fee for 15.25 hours); *Rainey v. Astrue*, No. 3:08-cv-728-J-TEM, 2010 WL 2293397 (M.D. Fla. Jun. 8, 2010) (finding $14,626.63 reasonable attorney fees under section 406(b) for 18.5 hours); *Moore v. Astrue*, No. 3:00-cv-571-J-32, 2010 WL 1417629 (M.D. Fla. Apr. 8, 2010) (awarding $16,403.88 in 406(b) attorney fees for 19.5 hours claimed) *Davis v. Astrue*, No. 3:07-cv-705-J-MCR, 2009 WL 2579314 (M.D. Fla. Aug. 19, 2009) (finding $14,713.75 a reasonable 406(b) fee for 24 hours claimed in federal court).[2]

Nonetheless, Plaintiff and her counsel agreed that attorney's fees would not exceed twenty-five percent (25%) of the past-due benefit awarded. The amount sought by counsel in the instant motion for work in federal court does not exceed twenty-five percent of the past-due benefits awarded. At eighteen and forty-five one hundredths (18.45) hours, the sought fee equates to an amount per hour of $813.08.

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported post-*Gisbrecht* decisions and concluded in twenty-three cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning;

---

[2]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

in eight cases the attorneys had requested fees which were less than twenty-five percent and the courts had approved those requests; and, in twelve cases the courts reduced requested fees. *Id.* at 1168-71.  Of the cases in which fees were reduced to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation.

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a Social Security case,[3] reveals as follows:

1.      Social Security is one of the primary areas of counsel's law practice.

2.      Counsel began representing Plaintiff upon denial of Social Security disability insurance benefits (DIB) by decision of the administrative law judge in mid-2006 (Doc. #40 at 1).  The case spans several years and includes medical records dating back to 1999 (*see* Doc. #19, Order and Opinion).  Counsel filed a sixteen (16) page memorandum of law in support of her client's position (Doc. #17). The memorandum led the Court to closely review the administrative record and ultimately was persuasive to the sentence four remand of the case.

3.      The record available to the Court does not evidence any delays caused by Plaintiff's counsel.

---

[3]The Court notes that in the Eleventh Circuit's consideration of a reasonable fee under the lodestar method, one of the twelve factors examined was "the undesirability of the case." *Kay v. Apfel*, *supra*, 176 F.3d at 1327.  Given the nature of Social Security cases, that seems an appropriate factor even under a *Gisbrecht* analysis.  The factor also could be viewed as the substantial risk of loss at the time the case was undertaken.

4.      The Court considers the number of hours claimed reasonable based on the complexity of the case.

5.      Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6.      The sought fee is twenty-five (25) percent of the awarded past due benefits to Plaintiff.  While this amount is large in light of the number of hours spent in federal court, the amount is not so large to be considered a windfall on the facts of this case.  Notably, Defendant does not oppose the sought fee, with the caveat that should the Commissioner inadvertently release funds for 406(a) fees to Plaintiff's counsel, she be required to return those funds to the Social Security Administration.

Therefore, considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*.

Accordingly, upon due consideration it is hereby **ORDERED:**

1.      The Amended Uncontested Petition for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #40)  is **GRANTED**.

2.      The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $15,001.25 to Plaintiff's counsel in attorney fees for representation of Plaintiff before the Court.  *See Jackson v. Comm'r of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010).

6

3.    As required under the statute and *Gisbrecht*, counsel may not "double-dip" and the amount of $2,636.51 previously received by Plaintiff's counsel for attorney fees under the Equal Access to Justice Act (EAJA) must be returned to Plaintiff by counsel.

4.    Plaintiff's Amended Contested Petition for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #33) is **DENIED AS MOOT**.

5.    The Clerk shall enter Judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 17th    day of June, 2011.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge

7